| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>Caption in Compliance with D.N.J. LBR 9004-2(c)<br><br>**Greenbaum, Rowe, Smith & Davis LLP**<br>Metro Corporate Campus One<br>P.O. Box 5600<br>Woodbridge, New Jersey 07095<br>(732) 549-5600<br>Attorneys for the Jointly Administered Debtors<br>David L. Bruck, Esq. | |
| In re:<br><br>**S.A.M. GRAPHICS, INC., et al.**[1]<br><br>Debtors. | Chapter 11 Proceeding<br><br>**Lead Case No.: 11-17642 (KCF)** |
| S.A.M. GRAPHICS, INC. et al.,<br><br>Plaintiffs,<br>vs.<br><br>COURIER SYSTEMS, INC.,<br><br>Defendant. | Adversary Proceeding No. 11-_____ |

**APPLICATION FOR ENTRY OF AN ORDER TO SHOW CAUSE WHY THE DEFENDANT COURIER SYSTEMS, INC. SHOULD NOT TURN OVER PROPERTY OF THE ESTATE PURSUANT TO 11 U.S.C §542 AND FOR DAMAGES FOR WILLFUL VIOLATION OF THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. §362**

TO:  HONORABLE KATHRYN C. FERGUSON
     UNITED STATES BANKRUPTCY JUDGE

The application of S.A.M. Graphics Inc., d/b/a School Photo Marketing, Inc. and Millenium Graphics ("S.A.M"), Fundraising Solutions 2, Inc. ("FS2) and Fundraising Solutions, Inc. ("FS") (collectively the "Debtors"), the above referenced Debtors and

---

[1] The following debtors filed for Chapter 11 protection, which cases are being jointly administered under Lead Case No. 11-17642-KCF: Fundraising Solutions 2, Inc., Case No. 11-17644-KCF; Fundraising Solutions, Inc., Case No. 11-17647-KCF.

1304804.01

debtors-in-possession, by and through its attorneys, Greenbaum, Rowe, Smith & Davis, LLP, in support of its motion for the entry of an Order under Fed.R.Bankr.P. 7001 and D.N.J. LBR 9075-1 shortening the time period for notice and setting a hearing on Plaintiff's Order to Show Cause why the defendant Courier Systems, Inc. ("Courier") should not immediately turn over inventory and equipment pursuant to Section 542 of the Bankruptcy Code, for an award of damages due to Courier's willful violation of the automatic stay pursuant to Section 362(k) of the Bankruptcy Code (the "Motion"), and for injunctive relief. In support of this Application, the plaintiffs respectfully represent and alleges as follows:

## JURISDICTION

1. This Application is submitted in support of the Motion pursuant to 11 U.S.C. §542 which requires an entity in possession of the debtor's property to deliver such property to the Trustee and/or debtor in possession; and pursuant to 11 U.S.C. §§362(a)(3) and 362(k) which deems any exercise of control by the third party over the property of estate as being in violation of the Bankruptcy Code's automatic stay provisions.

2. Interim injunctive relief is requested pursuant to this Court's inherent equitable powers set forth in 11 U.S.C. §105.

3. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§1334 and 157(b). This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A) and (O).

4. Venue is proper in this Court pursuant to 28 U.S.C. §1409(a).

5. The statutory predicates for the relief sought herein are Sections 541, 542, 362 and 105 of the Bankruptcy Code, Fed.R.Bankr.P. 7001 and D.N.J. LBR 9075-1.

1304804.01

## RELEVANT FACTS

6. On March 15, 2011, Debtors filed the within Chapter 11 proceedings and remain in possession of their assets as debtors-in-possession (the "Petition Date").

7. Pre-petition, Courier and Debtors entered into an agreement pursuant to which Courier was to provide warehousing and distribution services to Debtors and maintain Debtors' equipment and inventory at its Bayonne facility. See Certification of Robert Klepner ("Klepner Cert.") attached hereto as **Exhibit 1.**

8. For the period from October 2010 through the date of the filing of the petitions, Courier provided distribution and warehouse services to the Debtors. Courier remains unpaid for those services as of the Petition Date. Klepner Cert., ¶5.

9. Courier is listed as an unsecured creditor on each of the Debtors' petitions. Courier was on notice of the Debtors' bankruptcy filings. Klepner Cert., ¶6.

10. As of the Petition Date Courier was and remains in possession of certain equipment and inventory belonging to the Debtors and has despite demand refused to turn over same to Debtors. Attached to the Verified Complaint as **Exhibit "A"** is a list of the Debtors' inventory items that remain in Courier's possession as of the Petition Date; see also Klepner Cert., ¶7. In addition, Courier is in possession of the following equipment belonging to Debtors: five new computers; one new Dell Server, and nine RF Scanners. Id.

11. On or about May 2, 2011, a letter was sent to Courier by Debtors' counsel advising that Debtors had filed Chapter 11 petitions and that the refusal to turn over the equipment and inventory was a violation of 11 U.S.C. §362, and subjects Courier to damages and sanctions. A copy of the letter is attached to the Verified Complaint as **Exhibit "B;"** see also Klepner Cert., ¶8.

1304804.01

12. In response, Courier send an invoice to Debtors requesting a payment of $68,182.50. Notwithstanding the demand to turn over the equipment and inventory, Courier continues to retain possession of the equipment and inventory. Klepner Cert., ¶9.

13. The equipment and inventory are assets of the Debtors' estate.

14. The Debtors are preparing to sell some or all of the inventory and equipment held wrongfully by Courier and the continued delay in turn over prejudices the impending sale.

## RELIEF REQUESTED

15. By this Application, the Debtors seek the entry of an Order to Show Cause why (i) Courier should not turn over the property of the Estate to the Debtors and (ii), setting a hearing as soon as possible.

16. The primary consideration for the Court in determining whether to reduce a notice period is the prejudice that could potentially result to parties entitled to notice if the reduction is effected. *See, In re Grant Broadcasting of Philadelphia*, 71 B.R. 390, 397 (Bankr. W.D. Pa. 1987).

17. Debtors are requesting that the Order to Show Cause be entered and a hearing be scheduled on short notice because of the prejudice being suffered by Debtors as a result of Courier's unlawful retention of the Debtors' property. The use of the inventory and equipment is necessary for Debtors in order to undertake and/or complete its sales.

18. In support of this application, Debtors will rely upon the attached certification of Robert Klepner and memorandum of law.

1304804.01

-5-

19. In view of the emergent nature of the within Application, Debtors request that the Court enter the proposed Order to Show Cause and set a return date as soon as possible.

**WHEREFORE,** plaintiffs respectfully request that the Court enter the proposed form of Order to Show Cause substantially in the form submitted herewith, granting the Application and any other relief that the Court deems just.

        Respectfully submitted,

        **GREENBAUM, ROWE, SMITH & DAVIS LLP**
        Attorneys for Plaintiffs/Debtors

        By:_____
               David L. Bruck, Esq.

DATED: May __, 2011

1304804.01