| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>Caption in Compliance with D.N.J. LBR 9004-2(c)<br><br>**Greenbaum, Rowe, Smith & Davis LLP**<br>Metro Corporate Campus One<br>P.O. Box 5600<br>Woodbridge, New Jersey 07095<br>(732) 549-5600<br>Attorneys for Jointly Administered Debtors<br>David L. Bruck, Esq. | |
| In re:<br><br>**S.A.M. GRAPHICS, INC., et al.**[1]<br>　　　　　　　　　　　Debtors. | Chapter 11 Proceeding<br><br>**Lead Case No.: 11-17642 (KCF)** |
| S.A.M. GRAPHICS, INC et al.,<br>　　　　　　　　　　　Plaintiffs,<br>vs.<br><br>COURIER SYSTEMS, INC.,<br>　　　　　　　　　　　Defendant. | Adversary Proceeding No. 11-_____ |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF AN ORDER TO SHOW CAUSE WHY THE DEFENDANT COURIER SYSTEMS, INC. SHOULD NOT TURN OVER PROPERTY OF THE ESTATE AND FOR SANCTIONS AND COSTS FOR WILLFUL VIOLATION OF THE AUTOMATIC STAY AND FOR INJUNCTIVE RELIEF**

　　　　　　　　　　　　　　　　　　　　**GREENBAUM, ROWE, SMITH & DAVIS, LLP**
　　　　　　　　　　　　　　　　　　　　Metro Corporate Campus One
　　　　　　　　　　　　　　　　　　　　P.O. Box 5600
　　　　　　　　　　　　　　　　　　　　Woodbridge, New Jersey 07095
　　　　　　　　　　　　　　　　　　　　Attorneys for Plaintiffs/Debtors
　　　　　　　　　　　　　　　　　　　　David L. Bruck, Esq.

**On the Brief:**
**David L. Bruck, Esq.**
**Maja Obradovic, Esq.**

---

[1] The following debtors filed for Chapter 11 protection, which cases are being jointly administered under Lead Case No. 11-17642-KCF: Fundraising Solutions 2, Inc., Case No. 11-17644-KCF; Fundraising Solutions, Inc., Case No. 11-17647-KCF.

1304803.01

## **STATEMENT OF FACTS**

On March 15, 2011, (the "Petition Date") S.A.M. Graphics, Inc., d/b/a School Photo Marketing and Millenium Graphics ("S.A.M."), along with two affiliated entities, Fundraising Solutions 2, Inc. ("FS2) and Fundraising Solutions, Inc. ("FS"), filed petitions for Chapter 11 protection (collectively the "Plaintiffs" or "Debtors"). The Debtors currently operate as debtors-in-possession.

Defendant, Courier Systems, Inc. ("Courier" or "Defendant") is an entity doing business in New Jersey with a business address of 30 Pulaski Street, Bayonne, New Jersey 07002.

S.A.M. and Courier entered into an agreement pre-petition, pursuant to which Courier was to provide warehousing and distribution services for the Debtors. Klepner Cert., ¶4.

The Debtors maintain certain equipment and inventory at the Courier warehouse located in Bayonne, New Jersey. Klepner Cert., ¶4.

For the period from October 2010 through the date of the filing of the petitions, Courier provided distribution and warehousing services for the Debtors. See Klepner Cert., ¶5.

Courier is listed as an unsecured creditor on each of the Debtors' petitions. Courier has notice of the Debtors' bankruptcy filings. Klepner Cert., ¶6.

As of the Petition Date, Courier was and remains in possession of certain equipment and inventory belonging to the Debtors and has refused after demand to turn over same to Debtors. Attached to the Verified Complaint as **Exhibit "A"** is a list of the Debtors' inventory items that remain in Courier's possession as of the Petition Date. In

-2-

1304803.01

addition, Courier is in possession of the following equipment belonging to the Debtors: five new computers; one new Dell Server, and nine RF Scanners. Klepner Cert., ¶7.

On or about May 2, 2011, a letter was sent to Courier by Debtors' counsel advising that Debtors had filed Chapter 11 petitions and that its refusal to turn over the equipment and inventory was a violation of 11 U.S.C. §362, and would, if continued, subject Courier to damages and sanctions. A copy of the letter is attached to the Verified Complaint as **Exhibit "B."**

In response, Courier sent an invoice to Debtors requesting a payment of $68,182.50. Notwithstanding the demand to turn over the equipment and inventory, Courier continues to retain possession of the equipment and inventory. Klepner Cert., ¶9, 10.

The use of the equipment and inventory is necessary for Debtors in order to undertake and/or complete its sales.

## LEGAL ARGUMENT

Section 362(a)(3) of the Bankruptcy Code prohibits, *inter alia*, "the exercise of control over property of the estate." 11 U.S.C. 362(a)(3). The courts have uniformly interpreted such prohibition to include the retention of property lawfully seized pre-petition. See e.g. In re Walter Singer, 368 B.R. 435, 439 (Bankr. E.D. Pa. 2007).

The duty to turn over the property arises upon filing of the bankruptcy petition. See In re Walter Singer, 368 B.R. at 439. The turn over is specifically mandated by Section 542(a) of the Bankruptcy Code, which provides that "an entity … in possession, custody or control, during the case, of property that the trustee may use, sell, or lease … shall deliver, and account for, such property …". 11 U.S.C. §542(a).

-3-

1304803.01

The failure to fulfill that duty, regardless whether the original seizure was lawful, constitutes a prohibited attempt to "exercise control over the property of the estate in violation of automatic stay." Id. (holding that the Commerce Bank's retention of a vehicle repossessed pre-petition constituted a violation of automatic stay).

The purpose of the automatic stay is to "prevent a creditor from pursuing remedies against the debtor's assets to the detriment of other creditors." Carr v. Security Savings & Loan Assn., 130 B.R. 434, 437 (Bankr. D.N.J. 1991) (citations omitted). Otherwise, if the speediest creditors were allowed to seize the debtor's property "an orderly liquidation and fair distribution of the estate would be frustrated." Id. While the automatic stay provision has a number of exceptions none of those are applicable in this case.

Moreover, Section 362(k) of the Bankruptcy code provides that "[a]n individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and in appropriate situations punitive damages. 11 U.S.C. §362(k). The Third Circuit has interpreted "willfulness" in the context of stay violation to consist of "an intentional or deliberate act done with knowledge that the act is in violation of the stay." Cuffee v. Atlantic Business and Comm. Dev. Corp., 901 F.2d 325, 329 (3d Cir. 1990); see also Lansdale Family Restaurants v. Weis Food Service, 977 F. 2d 826 (3d Cir. 1992)(holding that Chrysler's knowledge of the bankruptcy was sufficient to render the violation willful). There is no requirement to prove a specific intent to violate automatic stay. Id. Instead, the proof that the act was done with the knowledge that it is in violation of automatic stay would suffice. Id. (finding that the violation was willful where the defendant knew of the petition and where the debtor's counsel sent letters requesting the return of the vehicle).

Ultimately, "whether the party believes in good faith that it has a right to the property is not relevant to whether the act was 'willful' or whether compensation must be awarded." Id. at 329.

Under the circumstances of this case, it is clear that the equipment and inventory fall within the purview of the bankruptcy estate as defined in Section 541 of the Bankruptcy Code. Therefore, Courier's refusal to return the equipment and inventory despite Debtors' counsel's notification of the bankruptcy and demand for the turn over is exactly the kind of willful violation that warrants the position of sanctions.

### INJUNCTIVE RELIEF

Under 11 U.S.C. §105(a), "the [bankruptcy] court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. §105(a). Section 105 has been applied to issue injunctions that ordinarily fall outside of the scope of Section 362(a). The Bankruptcy Court for the Eastern District of Pennsylvania has stated:

> It is also clear that one of the purposes of section 105 is to give the bankruptcy court the power to issue stays or injunctions in situations not encompassed by section 362.
>
> The court has ample ... powers to stay actions not covered by the automatic stay. Section 105 ... grants the power to issue orders necessary or appropriate to carry out the provisions of title 11. The district court and the bankruptcy court as its adjunct have all the traditional injunctive powers of a court of equity.... Stays or injunctions issued under these other sections will not be automatic upon commencement of the case, but will be granted or issued under the usual rules for the issuance of injunctions.... Thus, the court will have to determine whether a particular action which may be harming the estate should be stayed.

[In re Monroe Well Service, Inc., 67 B.R. 746, 751 ((Bankr.E.D.Pa. 1986) (quoting S.Rep. No. 95-989, 95th Cong., 2d Sess. 51 (1978); H.Rep. No. 95-595, 95th Cong., 1st

-5-

Sess. 341 (1977)); see also Penn Terra Limited v. Dep't. of Envtl. Res., 733 F.2d 267 (3d Cir. 1984).]

Courts in the Third Circuit generally apply the following criteria in determining whether to grant injunctive relief:

> (1) the likelihood that the plaintiff will prevail on the merits at a final hearing; (2) the extent to which the plaintiff is being irreparably harmed by the conduct complained of; (3) the extent to which the defendant will suffer irreparable harm if the preliminary injunction is granted and (4) the public interest.

In re American Film Technologies, Inc., 175 B.R. 847, 849 (Bankr. D. Del. 1994) (quoting Merchant & Evans, Inc. v. Roosevelt Bldg. Prods. Co., 963 F.2d 628, 632-33 (3d Cir. 1992)).

In this case, the Debtors satisfy all of the above elements. First, as set forth in detail above, Debtors entitlement to the return of the equipment and inventory pursuant to the Bankruptcy Code Sections 362 and 542 and pursuant to case law interpreting those provisions is well established. However, if the Court does not enjoin Courier from selling or otherwise disposing of the equipment and inventory, Debtors would suffer immediate and irreparable harm as its use of the equipment and inventory is essential for its ability to complete its ongoing contracts. The failure to grant this injunctive relief requested would also be contrary to the public interest as it would seriously jeopardize Debtors chances to successfully reorganize. Finally, should the injunction issue, any potential harm or burden to Courier would not outweigh the potential harm to Debtors, but merely place Courier in the same position as all other creditors of Debtors.

It is thus respectfully submitted that the injunctive relief pending the final decision of the Court regarding this action is both warranted and necessary.

1304803.01

## **CONCLUSION**

It is thus respectfully submitted, that the Court enter an Order directing Courier to immediately turn over the equipment and inventory to Debtors, for the payment of costs of this suit including professional fees incurred by Debtors, appropriate punitive damages for willful violation of the automatic stay provisions of the Bankruptcy Code and for injunctive relief pending the final decision of this Court.

        Respectfully submitted,

        **GREENBAUM, ROWE, SMITH & DAVIS LLP**
        Attorneys for Plaintiffs/Debtors

        By: */s/ David L. Bruck*
          David L. Bruck, Esq.

**Date:  May 17, 2011**

1304803.01