| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY |
|---|
| Caption in Compliance with D.N.J. LBR 9004-2(c)<br><br>**Greenbaum, Rowe, Smith & Davis LLP**<br>Metro Corporate Campus One<br>P.O. Box 5600<br>Woodbridge, New Jersey 07095<br>(732) 549-5600<br>Attorneys for the Jointly Administered Debtors<br>David L. Bruck, Esq. |

| | |
|---|---|
| In re:<br><br>**S.A.M. GRAPHICS, INC., et al.**[1]<br><br>Debtors. | Chapter 11 Proceeding<br><br>**Lead Case No.: 11-17642 (KCF)** |
| **S.A.M. GRAPHICS, INC. et al.,**<br><br>Plaintiffs,<br>vs.<br><br>**COURIER SYSTEMS, INC.,**<br><br>Defendant. | Adversary Pro. No. 11-1809 (KCF) |

**APPLICATION FOR ENTRY OF AN ORDER TO SHOW CAUSE WHY DEFENDANT COURIER SYSTEMS, INC. SHOULD NOT COMPLY WITH THE COURT'S ORDER AND TURN OVER PROPERTY OF THE ESTATE PURSUANT TO 11 U.S.C §542 AND FOR COSTS, SANCTIONS AND CONTEMPT**

TO:   HONORABLE KATHRYN C. FERGUSON
      UNITED STATES BANKRUPTCY JUDGE

The application of S.A.M. Graphics Inc., d/b/a School Photo Marketing, Inc. and Millenium Graphics ("S.A.M,"), Fundraising Solutions 2, Inc. ("FS2") and Fundraising Solutions, Inc. ("FS") (collectively the "Debtors"), the above referenced Debtors and debtors-in-possession, by and through its attorneys, Greenbaum, Rowe, Smith & Davis,

---

[1] The following debtors filed for Chapter 11 protection, which cases are being jointly administered under Lead Case No. 11-17642-KCF: Fundraising Solutions 2, Inc., Case No. 11-17644-KCF; Fundraising Solutions, Inc., Case No. 11-17647-KCF.

1311618.01

LLP, in support of its motion for the entry of an Order under Fed.R.Bankr.P. 7001 and D.N.J. LBR 9075-1 shortening the time period for notice and setting a hearing on Plaintiff's Order to Show Cause why the defendant Courier Systems, Inc. ("Courier") should not comply with the Court's Order and turn over inventory and equipment pursuant to Section 542 of the Bankruptcy Code, for an award of costs and sanctions due to Courier's willful violation of the Court's Order and contempt (the "Motion"). In support of this Application, the plaintiffs respectfully represent and allege as follows:

## JURISDICTION

1. This Application is submitted in support of the Motion pursuant to 11 U.S.C. §542 which requires an entity in possession of the debtor's property to deliver such property to the Trustee and/or debtor in possession; and pursuant to 11 U.S.C. §§362(a)(3) and 362(k) which deems any exercise of control by the third party over the property of estate as being in violation of the Bankruptcy Code's automatic stay provisions.

2. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§1334 and 157(b). This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A) and (O).

3. Venue is proper in this Court pursuant to 28 U.S.C. §1409(a).

4. The statutory predicates for the relief sought herein are Sections 541, 542, 362 and 105 of the Bankruptcy Code, Fed.R.Bankr.P. 7001 and D.N.J. LBR 9075-1.

## RELEVANT FACTS

5. On March 15, 2011, Debtors filed the within Chapter 11 proceedings and remain in possession of their assets as debtors-in-possession (the "Petition Date").

6.  Pre-petition, Courier and Debtors entered into an agreement pursuant to which Courier was to provide warehousing and distribution services to Debtors and maintain Debtors' equipment and inventory at its Bayonne facility.

7.  For the period from October 2010 through the date of the filing of the petitions, Courier provided distribution and warehouse services to the Debtors. Courier remains unpaid for those services as of the Petition Date.

8.  Courier is listed as an unsecured creditor on each of the Debtors' petitions. Courier was on notice of the Debtors' bankruptcy filings.

9.  As of the Petition Date Courier was and remains in possession of certain equipment and inventory belonging to the Debtors and has despite demand refused to turn over same to Debtors. Attached to the Verified Complaint as **Exhibit A** is a list of the Debtors' inventory items that remain in Courier's possession as of the Petition Date. In addition, Courier is in possession of the following equipment belonging to Debtors: five new computers; one new Dell Server, and nine RF Scanners.

10. On or about May 2, 2011, a letter was sent to Courier by Debtors' counsel advising that Debtors had filed Chapter 11 petitions and that the refusal to turn over the equipment and inventory was a violation of 11 U.S.C. §362, and subjects Courier to damages and sanctions. A copy of the letter is attached to the Verified Complaint as **Exhibit B**.

11. In response, Courier sent an invoice to Debtors requesting a payment of $68,182.50. Notwithstanding the demand to turn over the equipment and inventory, Courier continues to retain possession of the equipment and inventory.

12. The equipment and inventory are assets of the Debtors' estate.

1311618.01

13. On June 6, 2011, a hearing was held attended by David L. Bruck as counsel to the Debtors, and Richard Murad representing that he was there on behalf of defendant Courier. Courier filed no response to the Verified Complaint nor to the Order to Show Cause.

14. The Court advised Mr. Murad that Courier must comply with the Bankruptcy Code and turn over the Debtors' property. During the hearing, Mr. Murad asked if that meant that he had to use Courier's employees and forklifts to move Debtors' property and was told "yes" and that he could include those costs as an administrative claim.

15. On June 8, 2011, a form of Order was submitted to the Court for entry and a copy was telefaxed to Mr. Murad. As of this date, the Order has not been entered.

16. Despite the Court's direction, Mr. Murad has taken it upon himself to impede the Debtors' efforts to recover its property as set forth in the Bruck Certification filed simultaneously herewith.

17. Mr. Murad's behavior is a willful and intentional violation of the Court's direction to him from the Bench on June 6, 2011.

18. Courier's continued acts in violation of 11 U.S.C. §542 are damaging to the Debtors' intended sale of the property at Courier's facility subject to the sale hearing scheduled for June 20, 2011. Further violation should not be permitted.

## RELIEF REQUESTED

19. By this Application, the Debtors seek the entry of an Order to Show Cause why (i) Courier should not comply with the Court's direction from the Bench on June 6, 2011 and turn over the property of the Estate to the Debtors, (ii) Courier should not pay

costs and sanctions for its willful violation of the Court's Order; (iii) Courier should not be held in contempt for its acts; and (iv), setting a hearing as soon as possible.

20. The primary consideration for the Court in determining whether to reduce a notice period is the prejudice that could potentially result to parties entitled to notice if the reduction is effected. See, In re Grant Broadcasting of Philadelphia, 71 B.R. 390, 397 (Bankr. W.D. Pa. 1987).

21. Debtors are requesting that the Order to Show Cause be entered and a hearing be scheduled on short notice because of the prejudice being suffered by Debtors as a result of Courier's continued willful and unlawful retention of the Debtors' property. The use of the inventory and equipment is necessary for Debtors in order to undertake and/or complete its sales.

22. In support of this application, Debtors will rely upon the attached Certification of David L. Bruck.

23. In view of the emergent nature of the within Application, Debtors request that the Court enter the proposed Order to Show Cause and set a return date as soon as possible.

24. Debtors are entitled to the relief requested. Federal Bankruptcy Rule 9020 gives bankruptcy judges the power to hold parties in contempt. The Bankruptcy Court's power is grounded in its authority, pursuant to Section 105 of the Bankruptcy Code, to issue any order, process or judgment that is necessary or appropriate to carry out the provisions of the Code. See e.g. Professional Ins. Management v. The Ohio Casualty Group of Ins. Cos., 246 B.R. 47, 64 (D.N.J. 2000) rev'd on other grounds, In re Professional Ins. Management, 285 F.3d 268 (3d Cir. 2002); see also In re Miller, 81

B.R. 669 (Bankr. M.D. Fla. 1988) (holding that bankruptcy court may exercise civil contempt power).

25. Here, there is no doubt that Courier is acting in disregard of the Court's clear and explicit direction to it to assist the Debtors' in removing the property from its premises. Due to the inaccessibility of the Debtors' property, without assistance of Courier's employees and equipment, Courier is effectively preventing the Debtors from retrieving its property in violation of the Court's Order.

26. Such willful violation of the Court's direction represents, at the same time, a continued willful violation of the automatic stay. The consequences of a party's willful violation of the automatic stay are set forth in 11 U.S.C. §362(k), which provides that:

> Except as provided in paragraph (2), an individual injured by any willful violation of a stay provided in this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.
>
> (2) If such violation is based on an action taken by an entity in the good faith belief that subsection (h) the recovery under paragraph (1) of this subsection shall be limited to actual damages.

11 U.S.C. §362(k).

27. The statute provides for damages upon a finding that the defendant knew of the automatic stay and that the defendant's actions that violated the automatic stay were intentional. In re Atlantic Bus. And Cmty. Dev. Corp., 901 F. 2d 325, 329 (3d Cir. 1990). "A good faith belief that it had right to take such actions is irrelevant to whether the violation was willful. Id. at 329. Where the willful violation was done in bad faith not only actual but also punitive damages are appropriate. Id.; see also, In re Steward, 2338 B.R. 654, 661-62 (D.N.J. 2006) (holding that because defendant knew of the debtor's bankruptcy filing the violation of stay was intentional and further awarding

sanctions and explaining that an erroneous interpretation of the controlling law does not excuse defendant's violation of the automatic stay).

28.    The willfulness of defendant's violation of the automatic stay is especially egregious where it defies a court's order. For example, in In re Atlantic Business and Community Corp., the Third Circuit affirmed the bankruptcy court's award of punitive damages, attorney's fees and costs when the landlord violated the automatic stay by continuing efforts to take possession of the Debtor's property even after the court entered an order restraining him from further interference. 901 F.2d 325329 (3d Cir. 1990).

29.    This situation is similar to the situation presented in In re Atlantic Business and Community Corp., as it represents an intentional violation of the automatic stay which continues even after the Court specifically directed Courier to enable the Debtors to remove their property. Therefore, it is respectfully requested that sanctions be entered against Courier and that it be ordered to pay the attorneys' fees and costs associated with bringing the within Order to Show Cause.

**WHEREFORE**, plaintiffs respectfully request that the Court enter the proposed form of Order to Show Cause substantially in the form submitted herewith, granting the relief sought in this Application and such other relief as the Court deems appropriate.

Respectfully submitted,

GREENBAUM, ROWE, SMITH & DAVIS LLP
Attorneys for Plaintiffs/Debtors

By: _____
David L. Bruck, Esq.

**DATED:  June 8, 2011**

-7-

1311618.01